IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RYAN GALLAGHER, §<br>ALSO KNOWN AS §<br>REV. RYAN "SASHA" GALLAGHER, §<br>  PLAINTIFF, §<br>§<br>v. §<br>§<br>THE BITCOIN FOUNDATION, ET AL., §<br>  DEFENDANTS. § | CIVIL CASE NO. 3:19-CV-1151-N-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this civil action was referred to the United States magistrate judge for case management, including findings and a recommended disposition. The undersigned granted Plaintiff Ryan Gallagher's motion to proceed *in forma pauperis*, pending judicial screening. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous and malicious, and he should be **SANCTIONED** because of his abusive and vexatious filing history.

**I.   BACKGROUND**

On May 14, 2019, Gallagher, a Colorado state resident proceeding *pro se*, filed a *New Complaint* against the Bitcoin Foundation and Martti Malmi, a representative of Bitcointalk.org. Doc. 3. Gallagher seeks to relitigate an action against Bitcointalk.org, the Bitcoin Foundation and Malmi that the United States District Court of the Northern District of California recently dismissed without prejudice for lack of prosecution under FED. R. CIV. P. 41(b). Doc. 3 at 1; *Gallagher v. Bitcointalk.org*, No. 3:18-cv-5892-EMC (N.D. Ca., San Francisco Div., Jan. 2, 2019). He avers that Defendants engaged in an illegal monopoly and eventually banned him

from developing new coins.  Doc. 3 at 3.  Although Gallagher "later figured out how to make coins," he maintains that "all my new accounts get banned" and "because of this I do not have access to the Market Place or Resources such as Crypto Developers, or the community of non-Bitcoin Crypto holders, as everyone is forced to congregate at Bitcointalk.org."  Doc. 3 at 3-4.

Gallagher also asserts:

My coin is Temple Coin, it is an Ethercum Clone, any other is Shaligram, a Litecoin Cline.  And due the actions of these people my ability to participate has been restrained, and that is their goal.

THERE ARE NEWS ARTICLES ABOUT HOW I WAS GOING TO START CRYPTOCURRENCY TOWNS NOW I'M HOMELESS AND AKON IS DOING IT.

Doc. 3 at 4.

By this action, Gallagher seeks to end Defendants' monopoly, lift the ban on his accounts, and enjoin "the Bitcoin Foundation from deciding who wins and loses in the Cryptofield."  Doc. 3 at 5.  He also seeks damages of $250,000.

Recently Gallagher electronically filed the following appendices, totaling over 110 pages:[1]  And, on May 23, 2019, Gallagher filed a brief, which states *in toto*: "I am not angry and I am not filing cases in anger, no matter what people who have never met me say, I am not an angry person."  Doc. 10 at 1.

Obviously, Gallagher is no stranger to the federal courts.  A review of the Public Access to Courts Electronic Records (PACER)[2] reflects that he is a serial litigator, having filed over 30 cases since 2016 in federal district courts nationwide.  At least 14 of those actions were initiated in the United States District Court for the District of Colorado between February and November

---

[1] Gallagher has had electronic filing privileges in this Court since 2018.
[2] PACER is available at https://pacer.login.uscourts.gov.

2018 and the majority have been dismissed for want of prosecution, as legally frivolous, or for failure to state a claim. *Gallagher v. DEA*, No. 1:18-CV-2505-LTB (D. Colo. Nov. 9, 2018) (summarizing filing history and "numerous nonsensical and unnecessary documents"). Because of his abusive filing history, the District of Colorado has already imposed pre-filing restrictions. *Id.* (prohibiting Gallagher "from filing any new action . . . without the representation of a licensed attorney admitted to practice in the District of Colorado unless he obtains permission to proceed *pro se*" and ordering that Gallagher's name be added to the sanctioned litigants list).

Gallagher has also filed five other cases in this Court, including three that are pending. *See Gallagher v. Drug Enforcement Agency*, No. 3:17-cv-00734-L-BN (N.D. Tex. Apr. 6, 2018) (dismissed for want of jurisdiction); *Gallagher v. Judge Willis*, No. 3:18-cv1729-S-BH (N.D. Tex. Aug 13, 2018) (transferred to the United States District Court for the Eastern District of Texas); *Gallagher v. Dhillon*, No. 3:18-cv-02801-C-BH (N.D. Tex.) (awaiting judicial screening); *Gallagher v. Pompeo,* 3:18-cv-02879-N-BH (N.D. Tex.) (same), *Gallagher v. Wray,* No. 3:19-CV930-N-BK (N.D. Tex.) (same). In *Gallagher v. Dhillon*, No. 3:18-cv-02801-C-BH, the magistrate judge recently unfiled motions and instructed Gallagher to refrain from filing any further motions or pleadings pending completion of the court's judicial screening process. *See* Mar. 28, 2019 Order in No. 3:18-cv-02801-C-BH.

## II.   ANALYSIS

Because Gallagher is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A court may dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'"  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible."  *Id.* at 33.

The Court must always liberally construe pleadings filed by *pro se* litigants.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").  Even under the most deferential view, Gallagher's complaint is legally and factually frivolous and malicious.  Gallagher presents no supporting legal authority for the claims he asserts.  Moreover, his factual contentions are clearly baseless and woefully inadequate to support any cognizable claim.  *See Denton*, 504 U.S. at 33.

### III.  LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to dismissal.  However, leave to amend is not required when the plaintiff "has already pleaded his 'best case.'"  *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009).  As discussed herein Gallagher's claims are fatally infirm.  Based on the most deferential review of his complaint and his abusive filing history, it is highly unlikely that, given the opportunity, he could allege cogent and viable legal claims.  Thus, the Court concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

### IV.  IMPOSITION OF SANCTIONS

The Federal courts have the inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments,

procedures, and authority," *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993), and sanctions may be appropriate when, as here, a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993); FED. R. CIV. P. 11(b)(2)&(c)(1) (authorizing sanctions against *pro se* litigants). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir.1986). Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees—indeed, are not entitled to sue and appeal, period." *Free v. United States,* 879 F.2d 1535, 1536 (7th Cir. 1989); *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993).

Based on Gallagher's filing history, his pattern of filing frivolous, vexatious actions, and the pre-filing restrictions recently imposed in the District of Colorado, he should be barred from filing future actions *in forma pauperis* in this Court. Gallagher should also be warned that persistent, unwarranted filings may result in the loss of electronic filing privileges.

### V.     CONCLUSION

For the foregoing reasons, this action should be **DISMISSED WITH PREJUDICE** as frivolous and malicious. *See* 28 U.S.C. § 1915(e)(2)(B).

Gallagher should also be **BARRED** from filing future actions *in forma pauperis* and **WARNED** that persistent, unwarranted filings in this and other cases may result in the loss of electronic filing privileges.

**SO RECOMMENDED** on  May 24, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).