IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RYAN GALLAGHER, *ALSO KNOWN AS* REV. RYAN "SASHA" GALLAGHER, <br>                    PLAINTIFF, <br><br> v. <br><br> THE BITCOIN FOUNDATION, ET AL., <br>                    DEFENDANTS. | § § § § § § § § § § | CIVIL CASE NO. 3:19-CV-1151-N-BK |

## ORDER

Before the Court is Plaintiff's July 11, 2019 *Motion to Vacate* the order of acceptance and the judgment filed in this case. Doc. 23. The motion is DENIED.

I.

On June 28, 2019, the Court accepted the *Findings, Conclusions and Recommendation of the United States Magistrate Judge* and entered judgment dismissing this case with prejudice as frivolous and malicious. Doc. 18; Doc. 19. The Court also barred Plaintiff from filing future actions in forma pauperis and warned him that further persistent, unwarranted filings in this and other cases may result in the loss of electronic filing privileges.

Plaintiff now moves to vacate the order of acceptance and judgment. He avers *in toto* as follows:

> I request that Judge Godbey Vacate all decisions based on a misformulated Prejudice of me being a Drug Addict, or Mentally Deficient, any Judgements made on such Prejudice will be Prosecuted against to the fullest extent possible.
>
> I have done research on Judge Godbey, and am well aware of what kind of Defendants are usually in front of him in a Court Room. My Cases were given to

1

> him, and he made assumptions about me that caused him to conclude that he did not even need to send me Questionnaires.
>
> I ask Judge Godbey to do the right thing and Vacate all Decisions made under such Prejudice.

Doc. 23.

II.

First, Plaintiff's motion to vacate is not signed as required by FED. R. CIV. P. 11(a). Second, even liberally construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), Plaintiff plainly fails to meet the Rule 59(e) standard. *See Mangieri v. Clifton*, 29 F.3d 1012, 1015 n. 5 (5th Cir.1994) ("A motion for reconsideration is 'deemed to arise under Rule 59 if filed within Rule 59's ten-day [presently 28-day] time limit' regardless of the label applied to the motion.").

Reconsideration of a judgment under Rule 59(e) is "an extraordinary remedy that should be used sparingly." *Edionwe v. Bailey*, 860 F.3d 287, 294-95 (5th Cir. 2017) (quotations and quoted case omitted).  A Rule 59(e) motion serves the very narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence.  *Id.* at 294.  As such it "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.*  Moreover, it is within the court's discretion to reopen a case under Rule 59(e).  *Weber v. Roadway Exp., Inc.*, 199 F.3d 270, 276 (5th Cir. 2000).

Plaintiff does no show a manifest error of fact or law or present newly discovered evidence. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).  Additionally, his assertions of supposed bias and prejudice are self-serving and wholly unsubstantiated.

2

Accordingly, Plaintiff's *Motion to Vacate*, construed as a Rule 59(e) motion, is DENIED.

SO ORDERED this 23rd day of July, 2019.

                                                                 UNITED STATES DISTRICT JUDGE